IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SANTIAGO,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN TEXTILE COMPANY, INCORPORATED,<br><br>  Defendant, | 2:23-CV-01811-CCW |

# OPINION

Before the Court is Plaintiff John Santiago's Unopposed Amended Motion for Preliminary Approval of a class action settlement between himself and Defendant American Textile Company, Inc. For the reasons that follow, the Motion will be GRANTED.

**I.    Background**

On October 19, 2023, Mr. Santiago filed a class action complaint in this Court, asserting claims against American Textile Company under Washington state's Consumer Protection Act, Wash. Rev. Code § 19.86.010 *et seq*. ("CPA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. ("UTPCPL"). ECF No. 1. The claims center on American Textile's marketing and labeling practices for certain sheets it sold under the Sealy brand (the "Product"). *Id*. Mr. Santiago and other consumers purchased the Product, advertised as having a thread count of 1,250 at various retailers and websites. *Id.* at ¶ 24. Mr. Santiago alleges that American Textile marketed the Product deceptively, labeling it with a thread count "inflated by almost six times above what it would be if industry standard and FTC approved methods were used to calculate the thread count." *Id.* at ¶ 93. Thus, Mr. Santiago contends that

American Textile's marketing of the Product constituted unfair and deceptive acts and omissions in violation of the CPA and UTPCPL. *Id.* at 13–16.

American Textile moved to dismiss the complaint for lack of jurisdiction. ECF No. 18. In response, Mr. Santiago filed an Amended Complaint, again alleging American Textile engaged in deceptive practices through its marketing of the Product in violation of the CPA and UTPCPL. ECF No. 21. American Textile then renewed its motion to dismiss. ECF No. 26.

While American Textile's motion was pending, on October 1, 2024, following a mediation session before the Honorable Lisa Lenihan (Ret.), the parties advised the Court that they had reached a tentative settlement agreement. ECF No. 34. On February 21, 2025, the parties filed a settlement agreement. *See* ECF No. 43. The settlement, if approved, would create a $750,000 settlement fund, paid out pro rata to class members who submit a "Valid Claim," based on the number of Products purchased. ECF No. 43-B; *Id.* at ¶ 36–37 (defining "Total Monetary Settlement Amount" and "Valid Claim"). Under the agreement, Mr. Santiago and the three other Class Representatives—James Bruno, Alma Lancaster, and Kevin Shaw—would each receive a $5,000 service award. ECF No. 43 ¶ 63. Additionally, proposed Class Counsel may apply to the Court for payment of up to $250,000 in attorneys' fees, paid from the settlement fund. *Id.* at ¶ 62. Mr. Santiago's Amended Unopposed Motion for Settlement seeks preliminary approval of the settlement under Federal Rule of Civil Procedure 23. ECF No. 47.

## II.     Standard of Review

"The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). Furthermore, where the settlement would bind class members, "the court may approve [the settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate[.]"

Fed. R. Civ. P. 23(e)(2). Accordingly, "when a district court is presented with a class settlement agreement, the court must first determine that the requirements for class certification under Rule 23(a) and (b) are met, and must separately determine that the settlement is fair to the class under Rule 23(e)." *Torres v. Brandsafway Indus. LLC*, Civ. A. No. 2:21-CV-01771-CCW, 2023 WL 346667, at *1 (W.D. Pa. Jan. 20, 2023) (quoting *In re NFL Players Concussion Injury Litig.* ("*NFL II*"), 775 F.3d 570, 581 (3d Cir. 2014)).

Courts in the Third Circuit generally follow a two-step process for approval of class settlements. First, "the parties submit the proposed settlement to the court, which must make 'a preliminary fairness evaluation.'" *In re NFL Players' Concussion Injury Litig.* ("*NFL I*"), 961 F. Supp. 2d 708, 713–14 (E.D. Pa. Jan. 14, 2014) (quoting *Manual for Complex Litigation (Fourth)* § 21.632 (2004) ("*MCL*")). At the preliminary approval stage,

> the bar to meet the "fair, reasonable and adequate" standard is lowered, and the court is required to determine whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval."

*NFL I*, 961 F. Supp. 2d at 714. According to the United States Court of Appeals for the Third Circuit, there is "an initial presumption of fairness when the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.* ("*GMC*"), 55 F.3d 768, 785 (3d Cir. 1995).[1]

---

[1] At the final approval stage, a more demanding test applies, requiring the Court to examine the so-called *Girsh* factors:

> (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation.

*In re GMC*, 55 F.3d at 785 (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

Even though there is a "strong presumption" in favor of class settlements, *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594–95 (3d Cir. 2010), "preliminary approval is not simply a judicial 'rubber stamp' of the parties' agreement." *NFL I*, 961 F. Supp. 2d at 714 (citation omitted). As such, "[j]udicial review must be exacting and thorough," *id.* (quoting *MCL* § 21.61), such that "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Zimmerman v. Zwicker & Assocs., P.C.*, Civ. A. No. 09-3905 (RMB/JS), 2011 WL 65912, at *2 (D.N.J. Jan. 10, 2011) (citation omitted); *see also In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004) ("[I]n cases such as this, where settlement negotiations precede class certification, and approval for settlement and certification are sought simultaneously, we require district courts to be even 'more scrupulous than usual' when examining the fairness of the proposed settlement." (quoting *GMC*, 55 F.3d at 805)).

If approval of the proposed class settlement is sought contemporaneously with certification of the class—that is, when the parties agree to a class-wide settlement "before the district court has issued a certification order under Rule 23(c)"—then "'the certification hearing and preliminary fairness evaluation can usually be combined.'" *NFL II*, 775 F.3d at 581–82 (quoting *MCL* § 21.632). When doing so,

> [t]he judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b). If there is a need for subclasses, the judge must define them and appoint counsel to represent them. The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

*Id.* at 582–83 (quoting *MCL* § 21.632) (internal citation omitted). Thus, a district court may provisionally certify a class under Rule 23(e) to facilitate notice to absent class members, fairly and efficiently resolve litigation, and preserve the resources of the court and the litigants,

4

"allow[ing] the parties to forgo a trial on the merits, which often leaves more money for the resolution of claims." *Id.* at 583.

Under Rule 23(e)(1)(B), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal," if such notice is justified by a showing that the Court will "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Amendments to Fed. R. Civ. P. 23 took effect on December 1, 2018, clarifying the standards governing preliminary and final approval of class settlements. *Ward v. Flagship Credit Acceptance LLC*, Civ. A. No. 17-2069, 2020 WL 759389, at *4 (E.D. Pa. Feb. 13, 2020). As amended, Rule 23(e)(2) requires the Court to consider the following factors in evaluating the fairness, reasonableness, and adequacy of a settlement proposal:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Advisory committee notes of the 2018 amendment to Rule 23(e)(2) acknowledge that "each circuit has developed its own vocabulary" and "list[] of factors" for analyzing the fairness, reasonableness, and adequacy of a settlement proposal. Rule 23(e)(2) does not "displace any factor" analyzed by circuit courts prior to the 2018 amendment, "but rather [focuses] the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23 advisory committee's note to the 2018 amendment; *Ward*, 2020 WL 759389, at *5. Thus, the Rule 23(e)(2) factors guide the

5

Circuit Courts' existing analytical frameworks for settlement approval. *Lewis-Abdulhaadi v. Union Sec. Insurance Co.*, Civ. A. No. 21-cv-03805-WB, 2025 WL 1510577, at *2 (E.D. Pa. Mar. 20, 2025) ("The factors set forth in Rule 23(e)(2) augment, rather than replace, the traditional factors developed by courts to assess the fairness of a class action settlement."); *In re: Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 322 n.2 (3d Cir. 2019) (applying the existing framework within the Third Circuit after the publication of the 2018 amendment).

### III.     Analysis

#### A.     The Court Will Preliminarily Approve the Proposed Settlement

For preliminary approval of the proposed settlement, the Court begins with an analysis of the *GMC* factors, which, applied here, demonstrate that the settlement is entitled to a presumption of fairness. First, the settlement occurred only after a mediation before retired Magistrate Judge Lisa Lenihan, which, according to Mr. Santiago, was "all-day and in-person," indicating that the settlement is the product of arms-length negotiations. *See* ECF No. 46 at 7; *Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905(MF), 09-1248(MF), 09-4587(MF), 2011 WL 1344745, at *10 (D.N.J. Apr. 8, 2021) ("Participation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties." (cleaned up)). Second, the Court concludes that there was sufficient discovery. The present action is one of four class action complaints filed against American Textile in various federal district courts. ECF No. 45-1 ¶ 3. In the earliest filed matter, *Bruno v. American Textile Co., Inc.*, Civ. A. No. 1:22-cv-02937 (N.D. Ill.), the parties engaged in extensive exchange of materials including, *inter alia*, requests for the production of documents, interrogatories, and requests for admission, thereby suggesting that discovery prior to the settlement agreement was adequate. *Id.* at ¶ 5–6. Third, counsel for Mr. Santiago, Michael R. Reese, Esq. and Spencer

6

Sheehan, Esq., have significant experience in similar consumer protection cases. *See generally* ECF No. 45-1. The final *GMC* factor—the subset of class members who have objected to the settlement—cannot yet be analyzed. On balance, the *GMC* factors favor preliminary approval, and a presumption of fairness therefore attaches.

The Court further concludes that the settlement is free from any "obvious deficiencies" that indicate that the settlement is not "fair, reasonable, and adequate" under Rule 23(e)(2). The first two factors under Rule 23(e)(2), (A) and (B), "constitute the 'procedural' aspects of the fairness analysis, and 'look[] to the conduct of the litigation and of the negotiations leading up to the proposed settlement.'" *Ward*, 2020 WL 759389, at *5 (quoting Fed. R. Civ. P. 23 advisory committee's note to the 2018 amendment). Here, under Rule 23(e)(2)(A), the class representatives and proposed Class Counsel appear to have "adequately represented the class[.]" Fed. R. Civ. P. 23(e)(2)(A). Proposed Class Counsel are experienced in similar litigation and have effectively litigated the case to this point through "extensive motion practice and discovery across [] numerous Actions." ECF No. 46 at 1. Further, as discussed above, settlement negotiations appear to have occurred at arm's length as required by Rule 23(e)(2)(B). Thus, the Court finds no evidence of procedural fairness defects under Rule 23(e)(2)(A) or (B).

The final two factors, Rule 23(e)(2)(C) and (D), guide the "substantive" review of the proposed settlement and require courts to analyze the "relief that the settlement is expected to provide." Fed. R. Civ. P. 23 advisory committee's note to the 2018 amendment. The Court concludes that the settlement appears to fall within the range of possible approval. Mr. Santiago avers that the price premium settlement Class Members paid for the Product, as opposed to how much they would have paid if the Product had not been falsely advertised, was, on average, $4.99. ECF No. 45-1 ¶ 11. Under the proposed settlement agreement, Claimants are entitled to recover

$5.00 per product claim, which Mr. Santiago contends is more than they would have received had the case gone to trial. ECF No. 46 at 9. In light of the risks inherent in this litigation, which Mr. Santiago has set forth in his briefing, the settlement appears to be a reasonable resolution of the claim. *Id.* at 8.

Under Rule 23(e)(2)(C), the Court must also consider the "terms of any proposed award of attorneys' fees, including timing of payment[.]" Fed. R. Civ. P. 23(e)(2)(C)(iii). The settlement agreement does not advise how much Proposed Class Counsel is seeking in attorneys' fees. ECF No. 43 ¶ 62. Instead, the Agreement states that Proposed Class Counsel would be permitted to apply to the Court for payment of up to $250,000 of the total settlement fund. *Id.* That amount, which is approximately 33% of the total fund, is not so obviously high as to preclude a preliminary finding of fairness at this stage. *See Brown*, 2017 WL 2986300, at *7 (preliminarily approving award of 33% of settlement fund). However, the settlement agreement contains a clear-sailing clause,[2] whereby American Textile has agreed not to contest an attorneys' fee petition up to $250,000. ECF No. 43 ¶ 62. The Court must fully scrutinize this side agreement prior to any finding that the forthcoming request for attorneys' fees is reasonable. *In re Wawa, Inc. Data Sec. Litig.*, 85 F.4th at 725 ("Though not an automatic bar to settlement approval, such [clear sailing provision] terms still 'deserve careful scrutiny' when calculating a reasonable fee award." (quoting *In re NFL Players Concussion Injury Litig.*, 821 F.3d at 447)). Accordingly, at this time, without the benefit of an actual amount sought and more information regarding the clear sailing provision, the Court cannot determine whether the settlement of the attorneys' fees is reasonable. However, because preliminary approval is a lower standard, the Court finds that the potential deficiency here

---

[2] The Third Circuit has explained that clear sailing provisions amount to "agreement[s] by a settling party not to oppose a fee application up to a certain amount." *In re Wawa, Inc. Data Sec. Litig.*, 85 F.4th 712, 725 (3d Cir. 2023) (citation omitted).

regarding the attorneys' fees is not an "obvious deficiency" which would bar preliminary approval. *NFL I*, 961 F. Supp. 2d at 714. Instead, whether the attorneys' fees are reasonable will be addressed at the final approval stage.

The final Rule 23(e)(2) factor requires courts to analyze whether the settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). All settlement Class Members are eligible to receive the same relief under the settlement agreement. ECF No. 43 ¶ 43. Additionally, there does not appear to be any unduly preferential treatment of the four named plaintiffs, who will each receive a $5,000 service award. *Id.* at ¶ 63. That amount is in line with service awards approved or preliminarily approved in comparable cases. *See, e.g.*, *Brown v. Progressions Behav. Health Servs., Inc.*, No. 16-6054, 2017 WL 2986300, at *7 (E.D. Pa. July 13, 2017); *Myers v. Jani-King of Phila., Inc.*, No. 09-1738, 2019 WL 4034736, at *10 (E.D. Pa. Aug. 26, 2019); *Hall v. Accolade, Inc.*, No. 17-3423, 2020 WL 1477688, at *10 (E.D. Pa. Mar. 25, 2020). Therefore, the Court concludes that the settlement agreement satisfies Fed. R. Civ. P. 23(e)(2)(D).

In sum, there being "no obvious deficiencies" and the settlement "fall[ing] within the range of reason," *Zimmerman*, 2011 WL 65912, at *2, the Court finds for the purposes of preliminary approval that the proposed settlement appears to be "fair, reasonable, and adequate" pursuant to Rule 23(e)(2).

**B.    The Court Will Provisionally Certify the Rule 23 Class**

Turning to provisional certification, Mr. Santiago seeks to represent a Rule 23(b)(3) class of "all persons who purchased the Product anywhere in the United States during the period of October 19, 2016 to the date of an order from the Court granting Preliminary Approval of the

Case 2:23-cv-01811-CCW     Document 50     Filed 10/30/25     Page 10 of 13

Settlement." ECF No. 43 ¶ 32. For the following reasons, the Court finds provisional certification appropriate under Rules 23(a) and 23(b)(3).

As to Rule 23(a), Mr. Santiago must make a preliminary showing of numerosity, commonality, typicality, and that the representatives of the class will "fairly and adequately protect the interests of the class." Mr. Santiago demonstrates numerosity—that the class is so large that joinder would be impracticable—given that he claims that American Textile's records show that over 40 people purchased the Products during the Class Period. *See Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001) (more than forty members generally sufficient for numerosity). Nor do commonality and typicality pose a significant obstacle at this stage. For commonality, Mr. Santiago must show that there are "questions of law and fact common to the class," Fed. R. Civ. P. 23(a)(2), which is the case here because all members share a claim arising out of the same alleged deceptive practice of labeling the Products with misleading thread counts. *See Reyes v. Netdeposit, LLC*, 802 F.3d 469, 486 (3d Cir. 2015) ("Commonality does not require perfect identity of questions of law or fact among all class members."). And for typicality, Mr. Santiago may show a "strong similarity" between claims and defenses for himself and the class, which he does because all class members are proceeding on the same legal theory with respect to the deceptively labeled Products. *See In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 428 (3d Cir. 2016) (internal quotations omitted). Finally, at this stage, there do not appear to be any conflicts of interest and counsel appear to be competent to represent the interests of the class. *See In re Chocolate Confectionary Antitrust Litig.*, 289 F.R.D. 200, 218 (M.D. Pa. Dec. 7, 2012) ("According to the Third Circuit, Rule 23(a)(4) adequacy is satisfied by showing that (1) Class Counsel is competent and qualified to conduct the litigation; and (2) class representatives have no conflicts of interests." (citing *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293,

10

313 (3d. Cir. 2007)). Accordingly, Mr. Santiago has made a preliminary showing that she can satisfy the requirements of a class action found in Rule 23(a).

With respect to Rule 23(b)(3), Mr. Santiago must make a preliminary showing that common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Although similar to the commonality requirement of Rule 23(a), the predominance inquiry is more demanding and a plaintiff must show that "the essential elements of the claims brought by a putative class are capable of proof at trial through evidence that is common to the class rather than individual to its members." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 127–28 (3d Cir. 2018) (internal citation and quotation omitted). Here, that standard is satisfied given that a trial would turn on common evidence regarding whether American Textile's labeling of its Products was likely to deceive a reasonable consumer. As to superiority, that requirement is met here because resolving the claims of "hundreds" of class members in a single case is far fairer and more efficient than doing so in individual actions. ECF No. 46 at 14; *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533–34 (3d Cir. 2004) ("The superiority requirement asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." (internal quotation marks omitted)).

Because Mr. Santiago has made a preliminary showing that he can satisfy the requirements of Rule 23(a) and 23(b)(3), the Court will provisionally certify a class of "all persons who purchased the Product anywhere in the United States during the period of October 19, 2016 to the date of an order from the Court granting Preliminary Approval of the Settlement." ECF No. 43 ¶ 32.

### C. The Proposed Notice is Reasonable

Finally, the Court considers the parties' plan for the dissemination of notice. Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Where, as here, the class is to be certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Under Rule 23, such notice

> must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* After reviewing the materials submitted by Mr. Santiago, the Court finds that Mr. Santiago's notice plan complies with Rule 23 and will order that notice be given consistent with the notice plan set forth in the settlement agreement.

### IV. Conclusion

For the foregoing reasons, the Court will GRANT Ms. Santiago's Motion and enter an order: (1) preliminarily approving the settlement; (2) provisionally certifying the class for settlement purposes only; (3) directing notice to be given consistent with Mr. Santiago's notice plan; (4) appointing Michael R. Reese of Reese LLP and Spencer Sheehan of Sheehan & Associates, P.C. as class counsel; (5) adopting the opt-out and objections procedures set forth in the settlement; and (6) setting a fairness hearing and associated deadlines.

DATED this 30th day of October, 2025.

BY THE COURT:

<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record